IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JAMES MINTZ and SANDRA MINTZ,     §<br>         Plaintiffs,     §<br>     §<br>vs.     §     CIVIL ACTION NO. 7:05-CV-2754-HFF<br>     §<br>WERNER ENTERPRISES and PAUL IVORY §<br>MARTIN,     §<br>         Defendants.     § | |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

This is a negligence action. Pending before the Court is Plaintiffs' Motion to Remand the action to the state court. Having carefully reviewed the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that Plaintiffs' Motion to Remand should be granted. Hence, this case will be remanded to the Cherokee County Court of Common Pleas for adjudication.

## II. PROCEDURAL HISTORY

Plaintiffs filed their Summon and Complaint with the state court on September 15, 2004. Subsequently, on October 15, 2004, Defendant Werner (Defendant) filed its Notice of Removal with

this Court.[1]  Thereafter, on April 19, 2005, this Court remanded the case to the state court based on Defendants' failure to establish that this Court had subject matter jurisdiction. Defendants then filed a Motion to Alter or Amend, which the Court subsequently denied. On September 22, 2005, Defendants filed another Notice of Removal. Plaintiffs' filed their Motion to Remand on October 11, 2005.

### III.    STANDARD OF REVIEW

A federal court's jurisdiction under the removal statutes amounts to an infringement upon state sovereignty. *See Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C. 1982).

To insure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil,* 313 U.S. at 109. In fact, the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Hence, removal is warranted only when absolutely essential under federal law.

---

[1] It appears that Defendant Martin had not been served at the time that the first Notice of Removal was filed.

**IV.     DISCUSSION**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, it follows that a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*. 28 U.S.C. § 1447(c).

"Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity action is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3723 (3d ed. 1998). "Special difficulties arise when the amount in controversy is not apparent from the plaintiff's state court complaint. . . . Some courts have looked to the defendant's notice of removal . . . others have made an independent appraisal of the monetary value of the plaintiff's claim . . . , and other courts simply have remanded the action to the state court from which it was removed." *Id*. at § 3725.

For the Court to make an independent appraisal of the monetary value of Plaintiff's claims appears to this Court to be an incorrect application of the law. To engage in such an undertaking would not only eviscerate the removing party's burden of establishing the existence of the jurisdictional amount in controversy, *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."), but it is also an inefficient use of scarce judicial resources. For the Court to remand the case to the state court without some inquiry,

however, is an equally unsatisfactory approach. Therefore, in the opinion of this Court, the most judicious route is for the Court to review Defendant's Notice of Removal for evidence that Defendant has demonstrated that the Court has diversity jurisdiction over the matter.

Although the Fourth Circuit has not adopted a specific standard of proof for the Court to employ when determining whether the amount in controversy exceeds $75,000, *Rota v. Consolidation Coal Co.*, 175 F.3d 1016, 1999 WL 183873, *1 n.4 (4th Cir. 1999) (Table) (noting that the proper standard for assessing the value of an unspecified damage claim is subject to debate and declining to adopt a position), this Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future. "[T]he party who seeks the exercise of jurisdiction in his favor. . . . must allege . . . the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Thus, it follows that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, [this Court] lack[s] diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

In the instant case, the amount in controversy is not apparent from the face of the complaint. Instead, in the body of the Complaint, Plaintiffs allege that they suffered "severe and permanent injuries," "great physical harm and injury," and "much physical pain and suffering, . . . and will in the future cause them to have to spend money for medical services, and to lose money in the nature of wages and earnings." Moreover, in the request for relief, "Plaintiffs pray for judgment against

Defendants jointly and severally for actual and punitive damages in an appropriate amount, for the cost of this action, and for such other and further relief as the Court deems just and proper.

In Defendants' Notice of Removal, Defendants state that

> The prayer for damages in the Complaint is unspecified. The Plaintiffs are demanding damages to be proved at trial, including actual damages, punitive damages, the costs of the action, and other relief. Therefore, in good faith and from the Plaintiffs' point of view, Defendant Werner believes that the amount in controversy is greater than $75, 000.00. . . . [Plaintiffs] allege [the Werner driver's] actions were very reckless and deadly. . . . Defendants served Requests to Admit on Plaintiffs to establish whether they were, or were not, seeking damages in excess of the jurisdictional amount. The Plaintiffs basically refused to answer the question. . . . [S]uch refusal to respond should be considered a representation that Plaintiff does seek sums in excess of the statutory limit. . . . There is nothing more that Defendants can do to ascertain the amount of damages, especially punitive damages, that the Plaintiffs are seeking. It cannot be that Congress intended that [P]laintiffs would be able to thwart removal to Federal Court by failing to be forthcoming about their damages.

The Court finds that Defendants' bare allegations regarding the requisite jurisdictional having been met, without more, are insufficient to establish that the amount in controversy is in excess of $75,000. While the allegations relating to Plaintiff's injuries do, in broad general terms, indicate the nature of those injuries, the Court would be forced to engage in nothing more than mere conjecture as to Plaintiffs' corresponding monetary loss, whether past, present, or future. The Court, for example, has no indication whatsoever as to Plaintiffs' earning capacity, the amount of Plaintiffs' medical bills, or the length of time during which Plaintiffs were absent from work due to their injuries.

The Court is well aware that some courts have found that, when an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal

5

certainty that the plaintiff cannot recover damages in excess of $75,000. Moreover, according to some of those same courts, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. However, for the Court to presume that the jurisdictional amount is met under these circumstances appears to this Court to be in direct contradiction to well settled law that 1) there is a strong presumption against removal jurisdiction and, 2) any uncertainties are to be resolved in favor of remand. 28 U.S.C. § 1447. Furthermore, the Court is of the firm opinion that it was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship. Accordingly, the Court declines to follow the practice of those courts.

Moreover, the Court declines to theorize as to the meaning of Plaintiff's refusal to stipulate that their damages are less than $75,000.[2] It is always a doubtful course to argue for the truth of some proposition on the sole basis that the opposing party has refused to admit it.[3] Stated differently, Plaintiff's refusal to admit 1) that the amount in controversy does not exceed $75,000, or 2) that

---

[2] The Court observes that the Advisory Committee Notes to Rule 36 state that there are two objectives of requests for admission, both designed to reduce trial time: "first, to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 Advisory Committee Notes (1970 amendment). Defendants' Requests to Admit do not appear to serve either one of these functions.

[3] The Court realizes that a few courts, when faced with similar facts to these, have found bad faith on the part of the plaintiff and have denied the motion to remand. It is the opinion of this Court, however, that those decisions are in disagreement with the long established presumption that remand is proper when removal is questionable. Moreover, in this Court's judgment, those court's holdings tend to shift the burden from the defendant, who is charged with establishing that the jurisdictional amount is satisfied, to the plaintiff, who, under that approach, is required to demonstrate that the jurisdictional amount is not satisfied.

Plaintiffs will never attempt to collect any amounts from Defendants in excess of that sum, is, without more, an insufficient basis for this Court to find that the jurisdictional amount has been satisfied.

In sum, Defendants have failed to demonstrate that the amount in controversy in this matter exceeds the jurisdictional amount. Before the Court can make a determination as to whether the jurisdictional amount has been satisfied, it requires, at a bare minimum, more factual allegations than are presented here regarding the plaintiff and, among other things, the extent of and the costs associated with the plaintiff or plaintiffs' alleged injuries. While it is true that punitive damages can be considered in reaching the jurisdictional requirement, the Court must first be presented with some basis to access the actual damages. Since Defendants in the instant case have failed to carry this burden, remand is appropriate.

**V.    CONCLUSION**

In light of the foregoing discussion and analysis, the Court concludes that Defendant has failed to establish that the jurisdictional amount has been satisfied. Therefore, in the opinion of the Court, Plaintiffs' Motion to Remand must be **GRANTED** and this matter must be **REMANDED** to the Cherokee County Court of Common Pleas for adjudication, pursuant to 28 U.S.C. § 1447(c).[4]

**IT IS SO ORDERED**.

Signed this 2nd day of February, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[4] The Court declines Defendants' invitation to include in this Order a statement that, for purposes of issue preclusion, Plaintiffs' recovery is limited to $75,000. Defendants may, however, request a ruling on this matter from the state court.